Thomas W. Rumpke, Bar No. 6-2974
Williams, Porter, Day & Neville, P.C.
702 Randall Avenue
Mailing: P.O. Box 748
Cheyenne, Wyoming 82003
(307) 637-5575 – Telephone
(307) 307-5515 – Facsimile
trumpke@wpdn.net

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| STEPHEN P. KELLY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> POWELL POLICE DEPARTMENT, a Wyoming ) <br> Law Enforcement Entity, and ) <br> ) <br> POWELL POLICE DEPARTMENT OFFICER, ) <br> CALEB SCHMIDT, in his official capacity, ) <br> ) <br> Defendants. ) | Civil Action No. 23-CV-004 |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

**COME NOW**, the Defendants, the City of Powell Police Department (Department) and Officer Caleb Schmidt, in their official capacities, and hereby submit the following memorandum of law in support of their *Motion to Dismiss* filed herewith. Defendants seek to have Plaintiff, Stephen Kelly's (Kelly) Complaint dismissed for failing to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6).

I.     **FACTS**

Although neatly printed, Kelly's Complaint is a bit difficult to follow.  It appears that Kelly became involved in a dispute with his bank.  [2:22-CV-00258 at ECF No. 1].[1]  Apparently, Kelly claims to be a victim of check fraud.  [ECF 1 at 3 (¶ 2)].

First, Kelly claims that there is a "false and fabricated police report" purportedly generated by a "corrupt and charge aggressive police officer!"  [ECF 1 at 4 (¶ 5) and 21 (¶ 38)].  Kelly denies that he capitulated to any of the demands made by Schmidt while Schmidt questioned him.  [ECF 1 at 18 (¶ 33)].

Next, although a little less clear, it appears that Kelly may be alleging that Schmidt used "excessive and unreasonable pressure" to obtain, or attempt to obtain, some sort of false confession by threating Kelly with prosecution.  [ECF 1 at 4 (¶ 7) and 20 (¶ 37)].

Kelly further alleges that Schmidt performed a bias investigation because of his personal relationship with Chad Fleming.  [ECF 1 at 5 (¶ 7) and 20 (¶ 36)].

Finally, Kelly appears to allege some sort of "cover up."  [ECF 1 at 5 (¶¶ 7, 22, 32)].  Kelly alleges that Schmidt may have engaged in a conspiracy with people employed by his bank.  [ECF 1 at 5 (¶¶ 20- 25)].  Kelly alleges these actions violate Fourteenth Amendment's Equal Protection Clause.  [ECF 1 at 5 (¶ 7)].

Importantly for this motion, Kelly does not allege that he was arrested.  To the contrary, Kelly affirmatively alleges that there is no reason for this Court to abstain from hearing this case because "there as in fact <u>no criminal charges filed by the Park County attorney or not by any other</u>

---

[1]  A court may take judicial notice of its own files without converting a motion to dismiss into a motion for summary judgment.  *Tal v. Hogan*, 453 F.3d 1244, 1265 (10th Cir. 2006),

agency filed upon Kelly." [ECF 1 at 8 (¶ 18) (emphasis original)].  Moreover, Kelly alleges only the threat of prosecution, not an actual malicious prosecution claim.  [ECF 22 at 5 (¶ 40)].

## II. APPLICABLE LAW

### (A) Motion to Dismiss

On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007) *(quoting Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)).  Therefore,

> To survive a motion to dismiss, a complaint must contain sufficient ***factual matter***, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quotation marks and internal citations omitted and emphasis added). *See also Schrock v. Wyeth, Inc.*, 727 F.3d 1273, 1280 (10th Cir. 2013).

### (B) Equal Protection

To the extent that Kelly mentions the Equal Protection Clause, he seeks to allege a "class-of-one" theory set forth by the Supreme Court in *Village of Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000).  "The paradigmatic 'class of one' case, [ ] sensibly conceived, is one in which a public official, with no conceivable basis for his action other than spite or some other improper motive (improper because unrelated to his public duties), comes down hard on a hapless private citizen."  *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1216 (10th Cir. 2011) (internal quotation marks and citations omitted).  "To prevail on this theory,

a plaintiff must first establish that others, similarly situated in every material respect were treated differently. A plaintiff must then show this difference in treatment was without rational basis, that is, the government action was irrational and abusive, and wholly unrelated to any legitimate state activity." *Id.* (internal quotation marks and citations omitted).

Finally, even if able to meet these elements, a plaintiff must demonstrate the mistreatment had a "concrete effect" on a protected constitutional right. *Jennings v. City of Stillwater*, 383 F.3d 1199, 1212 (10th Cir. 2004). In this regard, courts have almost universally held that filing a false police report, without a subsequent prosecution or other action affecting a constitutional right, is not actionable under § 1983. *See Landrigan v. City of Warwick*, 628 F.2d 736, 745 (1st Cir. 1980) ("For purposes of recovering damages at least, we do not see how the existence of a false police report, sitting in a drawer in a police station, by itself deprives a person of a right secured by the Constitution and laws"); *Shock v. Tester*, 405 F.2d 852, 855 (8th Cir. 1969) (affirming dismissal where there was no showing how false report deprived plaintiff of life, liberty and property); *Fraser v. Massachusetts Bay Transportation Auth.*, 544 F. Supp. 3d 148, 161 (D. Mass. 2021) (filing false report is only actionable when subsequent action taken on the report deprives plaintiff of constitutionally protected right); *Green v. Cunningham*, No. CV418-210, 2018 WL 6310269, at *3 (S.D. Ga. Dec. 3, 2018), report and recommendation adopted, No. CV 418-210, 2019 WL 136991 (S.D. Ga. Jan. 7, 2019) ("[a] false statement not causally connected to some discernible harm does not give rise to a constitutional claim"); *Bush v. City of Philadelphia*, No. CIV. A. 98-0994, 1999 WL 554585, at *5 (E.D. Pa. July 16, 1999) ("a bad police investigation is actionable under § 1983 only if it results in a constitutional deprivation of some right"); *White v. Tamlyn*, 961 F. Supp. 1047, 1056 (E.D. Mich. 1997) (the filing of a false report "alone does not itself deprive a person of a constitutional right under the Fourteenth Amendment. Such action only constitutes a

due process violation when the falsified reports lead to an unconstitutional deprivation of life, liberty or property"). Similarly, the Tenth Circuit has said "that to recover under a § 1983 conspiracy theory, a plaintiff must plead and prove not only a conspiracy, but also an actual deprivation of rights; pleading and proof of one without the other will be insufficient." *Dixon v. City of Lawton, Okl.*, 898 F.2d 1443, 1449 (10th Cir. 1990).

### (C) Individual and Official Capacity Liability and Supervisory Liability

Personal-capacity [or individual capacity] claims seek to impose personal liability upon a government official for actions the individual takes under color of state law. Official-capacity claims "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165–66, 105 S. Ct. 3099, 3105, 87 L. Ed. 2d 114 (1985) (*quoting Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, n. 55, 98 S.Ct. 2018, 2035, n. 55, 56 L.Ed.2d 611 1978)). "[T]hus, in an official-capacity suit the entity's 'policy or custom' must have played a part in the violation of federal law." *Kentucky v. Graham*, 473 U.S. at 166, 105 S. Ct. 3099. "For official capacity liability, the defendant in question must be someone with final policymaking authority." *Bollenbach v. Oklahoma*, No. CIV-11-857-W, 2013 WL 842649, at *5 (W.D. Okla. Jan. 31, 2013), report and recommendation adopted, No. CIV-11-857-W, 2013 WL 842588 (W.D. Okla. Mar. 6, 2013).

A plaintiff must identify "a government's policy or custom" that caused constitutional injury to hold a municipality, or local police department, liable. *See Monell v. Department of Social Services*, 436 U.S. 658, 691–92, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Moreover, the plaintiff must "show that the policy was enacted or maintained with deliberate indifference to an almost inevitable constitutional injury." *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 769 (10th Cir. 2013). Even if a final policy was unconstitutional, an entity (like the City

of Powell or the Powell Police Department), or a chief of police in his official capacity, "cannot be held liable where [ ] the officers did not commit a constitutional violation." *Trigalet v. City of Tulsa*, 239 F.3d 1150, 1155–56 (10th Cir.2001).

### III.   ANALYSIS

Although the Court is required to liberally construe Kelly's hand-written *pro se* Complaint, the Court is still required to evaluate whether the factual allegations rise to the level of a constitutional violation. Although Defendants submit that all of the limited factual allegations are false, even assuming they are true, Kelly fails to allege a constitutional violation. Therefore, his Complaint should be dismissed.

#### (A)   Kelly Fails to Allege a Constitutional Violation

Kelly fails to allege any constitutional violation arose from Schmidt's allegedly false report. According to Kelly, no charges were filed by the Park County Attorney's Office or any other agency. There is no allegation that Schmidt arrested Kelly. Without some "concrete effect" on Kelly's constitutional rights, his complaints simply do not rise to the level of a § 1983 violation. Therefore, all of his claims, including whatever claim of a conspiracy he may being making, should be dismissed.

#### (B)   Kelly Fails to Allege that Schmidt is Policy Maker

Kelly fails to allege any facts that Schmidt is a policy maker. Although he claims to have sued Officer Schmidt in his official capacity, Kelly fails to allege any facts that Schmidt did, or could, set any policy that was enacted with such deliberate indifference that it was sure to lead to a constitutional injury. Absent such factual allegations, Kelly's complaint against Officer Schmidt should be dismissed.

### (C)  Absent a Constitutional Violation by Schmidt, Kelly Fails to Allege a Constitutional Violation on the Part of the City of Powell

Since Kelly fails to allege any constitutional violation on the part of Officer Schmidt, his claims (if any) against the Powell Police Department must also fail. There are no factual allegations that the Powell Police Department had a policy of making false reports.

The only factual allegation against the Department is that Kelly claims to have reported Schmidt's misconduct to the chief of police. [ECF 1 at 19 (¶ 34)]. Kelly complains that the chief of police failed to take corrective action and instead condoned the actions. Condoning something that is not actionable under § 1983 cannot be the basis for § 1983 liability. Moreover, "[o]ne instance, however egregious, does not a pattern or practice make." *Martin v. Malhoyt*, 830 F.2d 237, 255 (D.C. Cir. 1987). In *Waller v. City & County of Denver,* the Tenth Circuit affirmed dismissal of a municipal liability claim where the plaintiff pled a single prior incident. *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1287 (10th Cir. 2019). Kelly does not even allege one prior incident that should have put the Department on notice of need for additional training.

Finally, this case would not fall into the narrow exception recognized under *City of Canton* where a single incident could be considered actionable. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 388, 109 S. Ct. 1197, 1204, 103 L. Ed. 2d 412 (1989). Kelly alleges that Schmidt conspired with others to write a false police report to frame him. Police officers do not have to be trained *not* to write false reports. *See Waller, supra.*

### IV.  CONCLUSION

For the foregoing reasons, Kelly's Complaint should be dismissed in its entirety. Kelly fails to allege a plausible claim that anything done by Officer Schmidt caused a concrete effect on his constitutional rights.

7

Dated this 21st day of February, 2023.

                 /s/ *Thomas W. Rumpke*
                Thomas W. Rumpke, Bar No. 6-2974
                Williams, Porter, Day, & Neville, P.C.
                702 Randall Avenue
                P.O. Box 748
                Cheyenne, Wyoming 82003
                (307) 637-5575 – Telephone
                (307) 637-5515 – Facsimile
                trumpke@wpdn.net

### CERTIFICATE OF SERVICE

I do hereby certify that on this 21st day of February, 2023, a true and correct copy of the foregoing *Memorandum of Law In Support of Motion to Dismiss* was served as indicated below:

Stephen P. Kelly            [✔] U.S. Mail
General Delivery
U.S. Post Office
Omaha, NE 68108

                 /s/ *Tamara Lang*
                Williams, Porter, Day & Neville, P.C.